**Harry BRUMLEY, Appellant,**

v.

**Lorene H. BRUMLEY, a Widow, et al.,**

**Appellees.**

Court of Appeals of Kentucky.

May 15, 1964.

Richard A. Robertson, Robertson & Robertson, Owensboro, for appellant.

6. City of Greenville v. Gossett, Ky., 355 S.W.2d 311 (1962).

Louise G. Kirtley, Clarence Bartlett, Woodward, Bartlett & McCarroll, Owensboro, for appellees.

CULLEN, Commissioner.

Harry Brumley owned land lying south of land owned by the widow and children of Jesse Brumley. Harry claimed that the boundary line was so located as to include within his land a disputed tract of 10 acres. In Harry's action of ejectment against the widow and children of Jesse, judgment was entered adjudicating that the defendants owned the disputed tract. Harry is here appealing from that judgment.

Harry's main contention is that the description in the deed by which Jesse obtained his land, particularly that part of the description stating the length of the west line of Jesse's land, is such that it could not embrace the disputed tract. There is at least a partial answer to this contention in the fact that the length of the east line of Jesse's land as stated in his deed is such that, in order to close the description of the land by the stated courses, the west line must be extended. However, regardless of this, the contention is futile because the plaintiff in an ejectment action cannot prove his own title by showing that the disputed tract is not embraced in the defendant's deed. Howard v. Howard, 238 Ky. 533, 38 S.W. 2d 441. The plaintiff must recover on the strength of his own title and not on the weakness of his adversary's title. Monroe v. Rucker, 310 Ky. 229, 220 S.W.2d 391.

The description in Harry's deed begins at a point on the bank of Flat Lick Creek. Starting on the bank of that creek, *as now located,* the description in Harry's deed will not embrace the disputed 10-acre tract. Harry undertook to prove that at the time the description originally was drawn, some 50 years ago, Flat Lick Creek ran some 300 feet north of its present location. However, he failed to produce such proof as to require the court to find that such was the fact. His surveyor's testimony concerning the former course of the creek was so vague and speculative that the court struck it.

Harry undertook to prove that there was an established boundary line in an old ditch, but there was evidence for the defendants to the contrary.

Another fact that militates against Harry's claim is that if his claim were sustained, Jesse's land would consist of only 93 acres whereas his deed called for 108 acres, and Harry's land would amount to 86 acres whereas his deed called for only 74.

The simple fact is that Harry failed to prove his title to the disputed tract.

The judgment would appear to be erroneous in adjudging title to be in the defendants, instead of merely dismissing the complaint, because the defendants did not by pleading ask that title be adjudged in them. However, the appellant does not assert this error as a ground of reversal.

The judgment is affirmed.

PALMORE, J., not sitting.